(Reap. Dec. 10371)

ROMANA FASHIONS, INC. *v.* UNITED STATES

Entry No. 803679, etc.

(Decided November 15, 1962)

*Sharretts, Paley & Carter* (*Howard Clare Carter* of counsel) for the plaintiff.

*Joseph D. Guilfoyle*, Acting Assistant Attorney General (*Morris Braverman* and *Daniel I. Auster*, trial attorneys), for the defendant.

WILSON, Judge: These appeals for reappraisement relate to certain knit wool or knit cotton wearing apparel, exported from Italy between June 27, 1958, and December 17, 1958. The merchandise was entered at the port of New York. The importer herein is Romana Fashions, Inc., of New York, hereinafter referred to as Romana, New York.

The customs invoices show the seller to be "Romana S.R.L. Made in Italy" of Bologna, Italy, hereinafter referred to as "Romana Italy," in all appeals, except R59/10595, R59/10596, R59/10598, and R59/10601, wherein the seller is shown as Fratelli Franchi of Prato, Italy.

The merchandise in all of the involved appeals was appraised at the invoice unit values, plus 10 per centum, plus packing, on the basis of export value, as defined in section 402(b) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956 (said merchandise not being on the "final list" published in T.D. 54521, and, accordingly, subject to appraisement in accordance with the valuation provisions of section 402 of the Tariff Act of 1930, as supplemented by section 2 of said act).

Plaintiff called one witness to testify on its behalf. No witnesses were called by the defendant. There were also received in evidence certain handwritten affidavits in the Italian language (plaintiff's exhibits 1-A to 10-A), together with a typewritten copy of each in Italian and an English translation of each (plaintiff's exhibits 1-B to 10-B, respectively).

Plaintiff concedes that the export value, as indicated above, is the proper basis for appraisement, but contends that the proper export values for the merchandise are the lower unit values, as set forth in certain affidavits made by eight alleged manufacturers of the merchandise heretofore noted (plaintiff's exhibits 3-A to 10-A and plaintiff's exhibits 3-B to 10-B). These claimed values are less than the invoice unit values for the articles in question. The appeals in question, however, cannot be specifically identified with any one of the eight alleged

manufacturers, inasmuch as the customs and commercial invoices, part of the entries herein, do not show the name of any one of said alleged manufacturers. The invoices attached to the affidavits referred to are made out only to Romana Italy.

Section 402 (b) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, used as the basis of appraisement herein, reads as follows:

(b) EXPORT VALUE.—For the purposes of this section, the export value of imported merchadïse shall be the price, at the time of exportation to the United States of the merchandise undergoing appraisement, at which such or similar merchandise is freely sold or, in the absence of sales, offered for sale in the principal markets of the country of exportation, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, plus, when not included in such price, the cost of all containers and coverings of whatever nature and all other expenses incidental to placing the merchandise in condition, packed ready for shipment to the United States.

Plaintiff's witness was Mr. Giovanni Capra, president of Romana Fashions, Inc., importer and seller of sportswear, whose duties include the buying and selling of merchandise such as here imported (R. 3). Substantially, his testimony was to the effect that the shipper, Romana Italy, is an Italian corporation which is composed of two persons who are also partners in Romana New York; that Romana Italy went to many different mills, bought the merchandise, assembled it, and shipped it to the importer. Occasionally, Romana Italy furnished samples of the merchandise (R. 4).

The question for determination in the case at bar is the price at which such or similar merchandise is sold for export to the United States. Specifically, plaintiff claims that the prices listed in the invoices attached to the exhibits here received in evidence (plaintiff's exhibits 3–A to 10–A and 3–B to 10–B) correctly represent the prices at which the merchandise in question was freely offered and sold for exportation to anyone who wished to purchase the goods. The affidavits above referred to are identical in language, except with reference to the name of the affiant, the name and address of the business or factory, and the city in which the factory is located, claimed to be one of the principal markets of Italy "for the sale of such merchandise to the United States of America." Typical of the statements contained in said affidavits (plaintiff's exhibits 3–B to 10–B) are those given in plaintiff's exhibit 3–B (translation), herein quoted as follows:

Ciarrocca Elisabetta being duly sworn, deposes and says; that she conducts business under the style name of Maglificio Ciarrocca Elisabetta with offices and factory at Reggio Emilia, Italy.

That annexed hereto are invoices made to Romana Made in Italy. That the prices on each of said invoices truly and correctly state the price at which the merchandise was freely offered and sold to anyone who wished to purchase it without restrictions of any kind.

That Reggio Emilia, wherein the office and factory is located is one of the principal markets of Italy for the sale of such merchandise to the United States of America and that the sales to Romana Made in Italy were made in the same manner that all sales have been made for exportation to the United States of America, and that the price quoted on such invoices does not vary with the quantity sold. That the styles were created by deponent and were not furnished by Romana Made in Italy.

The burden of a plaintiff in a reappraisement proceeding is two-fold. He must produce competent evidence sufficient not only to overcome the presumption of correctness that legally attaches to the value found by the appraiser, but also establish affirmatively the proper and different value that meets the mandatory requirements of the statute. *Leon Lanchart* v. *United States*, 46 Cust. Ct. 564, Reap. Dec. 9901. It is not incumbent upon the Government to present proof to sustain the appraised values. *Kenneth Kittleson* v. *United States*, 40 C.C.P.A. (Customs) 85, C.A.D. 502.

Essentially, the question here for determination is whether the prices claimed by the importer herein as the correct ones for the involved merchandise, allegedly those listed for specific items in the brief submitted on behalf of the plaintiff, were such prices on or about the dates of exportation of the goods under consideration. The difficulty in resolving this question, specifically directed to the establishment of the claimed values, is the fact that the particular items of merchandise, purportedly such as are here involved, and which are set forth in the invoices of the manufacturers, cannot be identified with the items of merchandise set forth in the invoices covering the involved goods so as to predicate a finding that the prices so claimed were the prices for the particular items under consideration "on or about the date of exportation." As heretofore noted, Romana Italy and Fratelli Franchi are indicated as the sellers of the involved merchandise. It was the burden of the importer to establish that the claimed prices represented values for the goods on or about the dates of exportation. The merchandise set forth in the manufacturers' invoices covers sales of such goods to Romana Italy, and these sales are represented by various dates. In some cases, the sales invoices of the various manufacturers represent dates that are subsequent to the dates of exportation, as more specifically noted in the case of merchandise designated in the manufacturer's invoice as "Cortina A" (plaintiff's exhibit 10–A). Accordingly, the prices in said invoices do not reflect statutory values for the involved merchandise at the time of exportation.

As heretofore observed, the specific sales of these manufacturers to Romana Italy, one of the shippers herein, on certain specific dates have not been identified with the particular items covered by the involved invoices for the respective dates of exportation, no names of

the manufacturers in question appearing on the involved invoices or otherwise. The same situation exists with respect to the merchandise shipped by Fratelli Franchi. Accordingly, the prices for the specific items sold by the various manufacturers to the shippers herein have not been established as the prices prevailing on the respective dates of exportation for the merchandise shipped by Romana Italy to the importer in this case.

While the various manufacturers, in their affidavits, stated that sales of merchandise such as here involved were made to others, there is no evidence of sales by these manufacturers to others, either for home consumption in Italy or for exportation to the United States. Accordingly, the allegation made in each of the affidavits in evidence herein (plaintiff's exhibits 3–B to 10–B), to the effect that the sales to "Romana S.R.L. Made in Italy" were made in the same manner that all sales have been made for exportation to the United States, without showing any other sale to any other United States purchaser, is an unsupported conclusion of an issuable ultimate fact and, as such, insufficient to overcome the appraised values herein. *Brooks Paper Company* v. *United States*, 40 C.C.P.A. (Customs) 38, C.A.D. 495.

I cannot assume that the sales made by the manufacturers to Romana Italy represent the freely offered prices to all purchasers. On the other hand, the prices from Romana Italy to the importer might very well be the freely offered prices on the respective dates of exportation for the merchandise here involved. As was stated by our appellate court in the case of *United States* v. *Malhame & Co.*, 19 C.C.P.A. (Customs) 164, 171, T.D. 45276:

> The courts may not properly supply from imagination the essentials in which the proofs are deficient.

> The court below is quite correct in the statement that as a matter of law a single sale might establish an export value. But, in order to do so, it must appear from proof that such a sale accords with a free offering at that price—

>> to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, * * *.

The burden of showing the essential elements of proof in support of the claimed values rested upon the importer. In my opinion, the plaintiff has failed to offer substantial evidence to establish that the claimed values are correct. Accordingly, the presumption of correctness attaching to the appraiser's finding of value in each case has not been overcome.

It has been held that the price of a manufacturer of merchandise, "providing all of the provisions of section 402, Tariff Act of 1930, are met," creates the primary market and that a dealer's resale market

need not be considered, unless the value in the primary market has not been established in accordance with statutory requirements. *Melba B. Rodriguez* v. *United States*, 23 Cust. Ct. 296, Reap. Dec. 7752. However, in the case at bar, as heretofore pointed out, the statements of the several manufacturers with respect to the freely offered price to all purchasers at the time of exportation of the involved items are not, in my opinion, evidence in compliance with statutory requirements so as to support the claimed values.

On the record before me, I find as facts:

1. That the merchandise involved in these appeals for reappraisement consists of knit wool or knit cotton wearing apparel, exported from Italy between June 27, 1958, and December 17, 1958, by "Romana S.R.L. Made in Italy" and Fratelli Franchi.

2. That "Romana S.R.L. Made in Italy" and Fratelli Franchi are the sellers of the involved merchandise.

3. That said merchandise is not listed on the so-called "final list," T.D. 54521.

4. That the record herein shows that sales of merchandise such as here in question were made to "Romana S.R.L. Made in Italy" and that no sale or offer for sale of such or similar merchandise to other purchasers has been shown, either for home consumption in Italy or for export to the United States.

5. That the record fails to establish that, at the time of exportation of the involved merchandise, such or similar merchandise was freely offered for sale to all purchasers in the principal markets of Italy, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States.

6. That the merchandise in all of these appeals was appraised at the invoice unit values, plus 10 per centum, plus packing, on the basis of export value, as defined in section 402(b) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956.

7. That the importer has failed to establish values for the involved merchandise other than those at which appraised.

I conclude as matters of law:

1. That the plaintiff herein has failed to overcome the presumption of correctness attaching to the values found by the appraiser.

2. That export value, as that value is defined in section 402(b) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, is the proper basis of value for the merchandise covered by the instant appeals for reappraisement.

3. That such value is the value returned by the appraiser in each case.

Judgment will issue accordingly.